## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.        12-cv-02703-RPM

LAURA SMITH, a Colorado Citizen

Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

Defendant.

---

## MODIFIED SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL

A Scheduling and Planning Conference was held on December 21, 2012 at 10:00 a.m.,

before the Honorable Judge Richard Matsch with the following counsel in attendance:

Appearing for the Plaintiff:

Marc R. Levy
LEVY •WHEELER •WATERS
Professional Corporation
Plaza Tower One, Suite 900
6400 S. Fiddlers Green Cir.
Greenwood Village, CO  80111
Phone: (303) 796-2900
Fax: (303) 796-2081
Email: mlevy@lwwlaw.com

Appearing for the Defendant:

Suanne M. Dell, # 17780
Rachel Ollar Entrican, # 39244
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
(303) 830-1212
sdell@warllc.com; rentrican@warllc.com

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in the matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the Plaintiff and the Defendant, and the Plaintiff has represented affirmatively that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff(s)*: Plaintiff was injured when she was walking through the Wal-Mart located at 5550 East Woodman Road, Colorado Springs, Colorado, 80907 otherwise known as Wal-Mart Supercenter # 5123 and slipped on a liquid substance on the floor. As Plaintiff fell, she hit her head on a shelf and suffered a closed head injury. Wal-Mart is the landowner pursuant to C.R.S. § 13-21-115. Plaintiff was an invitee pursuant to C.R.S. § 13-21-115. Defendant and its personnel had a duty to use reasonable care to protect customers from dangerous conditions. Defendant failed to take reasonable precautions to provide for the safety of its invitees including Plaintiff. Defendants failed to issues any warnings of a spill. By allowing the liquid substance to remain on the floor of the subject property, Defendant created a dangerous condition. Defendant actually knew about the dangerous condition on the subject property or should have known about the dangerous condition. As a direct and proximate cause of the Defendant's failure to protect against the dangerous

2

condition, Plaintiff suffered and continues to suffer significant injuries, damages and losses, including, but not limited to, economic, non-economic, pain, suffering, emotional distresses, inconvenience and loss of enjoyment of life.

b. *Defendant(s)*: Defendant denies that it is liable to Plaintiff for the happening of her alleged accident as well as the alleged injuries and damages Plaintiff claims to have sustained as a resulted of the accident. Plaintiff cannot prevail on her claim under Colorado's Premises Liability Act, C.R.S. § 13-21-115 et seq., which statute provides the sole remedy for persons alleging that they were injured while on the real property of another. *See* C.R.S. § 13-21-115(2) (2012). Plaintiff cannot meet her burden to establish that Defendant knew or should have known of the danger that she alleged caused her to fall. It appears that another customer spilled the liquid on which Plaintiff slipped moments before the accident and failed to notify Defendant of the spill. In addition, Defendant disputes the cause, nature, degree and extent of Plaintiff's alleged injuries and damages.

In addition, Defendant has raised and relies upon its defenses, including the following: Plaintiffs' claims may be barred by the provisions of C.R.S. § 13-21-115, Actions against Landowners, based on the fact that the liquid appears to have been dropped by a customer moments before Plaintiff's accident; The proximate cause of Plaintiff's claimed damages and/or injuries, if any, may have been Plaintiff's comparative negligence or fault, which conduct either bars or reduces Plaintiff's recovery, if any, in accord with the Colorado Comparative Negligence Statute, C.R.S. § 13-21-111, based on the fact that the spill, which was brown liquid on a white tile, should have been equally observable by Plaintiff as it was by Defendant; The proximate cause of Plaintiff's claimed damages and/or injuries, if any, may have been Plaintiff's volitional

3

assumption of a risk which conduct either bars or reduces Plaintiff's recovery, if any, in accord with the Colorado Comparative Negligence Statute, C.R.S. § 13-21-111.7, if Plaintiff was not sufficiently cognizant of her surroundings; The proximate cause of Plaintiff's claimed damages and/or injuries, if any, may have been the act or omission of a third party or parties over whom this Defendant had no control, to whom this Defendant has no relationship and for whom this Defendant is not legally responsible, based on the fact that it appears a customer dropped the brown liquid and did not clean the spill or notify Defendant; If there was a dangerous condition, which is denied, such alleged condition was as open and obvious to Plaintiff as Defendant; Plaintiff may have failed to mitigate her damages, if any, as required by law; To the extent that Plaintiff has received benefits which fall within the provisions of the collateral source limitations as described in C.R.S. § 13-21-111.6, Plaintiff's recovery, if any, is barred or reduced thereby; Plaintiff's claims for damages, insofar as those damages constitute "a noneconomic loss or injury" or "derivative noneconomic loss or injury" as defined by C.R.S. § 13-21-102.5(2)(a) and (b), are controlled and limited by the provisions of C.R.S. § 13-21-102.5; and Plaintiff's claims for damages, insofar as those damages constitute "a noneconomic loss or injury" or "derivative noneconomic loss or injury" as defined by C.R.S. § 13-21-102.5(2)(a) and (b), are controlled and limited by the provisions of C.R.S. § 13-21-102.5.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     Defendant Wal-Mart Stores, Inc. is a foreign corporation licensed to do business in the State of Colorado.

2.     This matter arises from a slip-and-fall on a liquid substance inside the Wal-Mart

Supercenter #5123.

    3.      Defendant Wal-Mart was a landowner as defined in the Premises Liability Act, C.R.S. § 13-21-115 et seq.

    4.      Plaintiff was an invitee pursuant to the Premises Liability Act, C.R.S. § 13-21-115 et seq., and was lawfully on the property at the time of the incident.

### 5. COMPUTATION OF DAMAGES

Plaintiff's Computation of Damages:

    a.      Past Medical Bills in the amount of $ 37,792.95;

    b.      Future Medical Bills will be determined by Plaintiff's treating providers;

    c.      Past Wage Loss in the amount of $ 25,606.42;

    d.      Future earning capacity in an amount to be determined by an expert;

    e.      Permanent impairment in an amount to be determined by a jury;

    f.      Pain and suffering to be determined by a jury;

    g.      Plaintiff seeks to recover pre- and post-judgment interest as allowed under Colorado and federal law; and

    h.      Plaintiff also seeks to recover costs as allowed under Colorado and federal law.

Defendant does not claim any damages in this matter at this time.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY& MEETING UNDER FED. R. CIV. P. 26(f)

    a.      Date of Rule 26(f) meeting: November 27, 2012 at 10:00 a.m.

    b.      Names of each participant and party he/she represented: Marc Levy and Kathryn Cobb were present for Plaintiff and Suanne Dell and Rachel Ollar Entrican were

present for Defendant.

c.      Proposed changes, if any, in timing or requirement of disclosures under

Fed. R. Civ. P. 26(a)(1): There were no proposed changes.

d.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Defendant's disclosures were made on December 10, 2012. Plaintiff's disclosures

were made on December 11, 2012.

e.      Statement concerning any agreements to conduct informal discovery, including

joint interviews with potential witnesses, exchanges of documents, and joint

meetings with clients to discuss settlement.  If there is agreement to conduct joint

interviews with potential witnesses, list the names of such witnesses and a date

and time for the interview which have been agreed to by the witness, all counsel,

and all *pro se* parties.

The parties will be open to informal discovery and assess the desirability of any such

agreements as discovery progresses.

f.      Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount

of disclosure or discovery will involve information or records maintained in

electronic form.  In those cases, the parties must indicate what steps they have

taken or will take to (i) preserve electronically stored information; (ii) facilitate

discovery or electronically stored information; (iii) limit associated discovery

costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.

The parties do not believe any electronically stored information will be involved in this

6

matter.

Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

The parties agree to the procedures set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. The parties will also rely on Rule 502 of the Federal Rules of Evidence with respect to a disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: <u>January 28, 2013.</u>

b. Discovery Cut-off: <u>July 29, 2013.</u>

c. Dispositive Motion Deadline: <u>August 29, 2013.</u>

d. Expert Witness Disclosure

(1) State anticipated fields of expert testimony, if any.

Plaintiff anticipates endorsing experts to provide medical expert testimony from Plaintiff's treating providers, an economist to determine future economic losses and engineering/ standard of care for maintaining the premises of spills.

Defendant anticipates endorsing experts to provide medical expert testimony, including all areas identified by Plaintiff; any area of expertise identified by Plaintiff which may include an economist or vocational assessor; and any area of expertise needed for rebuttal. Defendant may seek up to and including two Rule 35 Independent Medical Examinations in different specialties, depending on Plaintiff's claimed injuries and damages.

(2)     State any limitations proposed on the use or number of expert witnesses. There are no limitations at this point in time.

(3)     The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>March 8, 2013.</u>

(3)     The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>June 26, 2013</u>.

(4)     Any rebuttal opinions will be exchanged on or before <u>July 17, 2013</u>.

(5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**e.     Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Laura Smith | | | 7 |
| Onsite Supervisor at time of Incident | | | 4 |
| Fed. R. Civ. P.  30(b)(6) of Wal-Mart | | | 6 |
| Plaintiff's treating providers | | | 7 |
| Defendant's Experts | | | 4 hours each |

| | | | |
|---|---|---|---|
| Plaintiff's Experts | | | 7 |
| Plaintiff's work supervisor | | | 7 |
| Mr. Mark Jurkiewicz | | | 4 hours |

Subject to the limitations set forth in this Scheduling Order, the parties reserve the right to depose additional witnesses. The identification of a deponent on the list above shall not be construed as a waiver of either party's right to object to the taking of any deposition pursuant to this Scheduling Order or the Federal Rules of Civil Procedure.

     **f.**    **Interrogatory Schedule:**

Interrogatories should be served no later than May 16, 2013 and responded to no later than June 21, 2013.

     **g.**    **Schedule for Request for Production of Documents:**

Requests for Production should be served no later than May 16, 2013 and responded to no later than June 21, 2013.

     **h.**    **Discovery Limitations:**

(1). Any limits which any party wishes to propose on the number of depositions. The parties propose a limitation of 10 depositions, not including experts.

(2). Any limits which any party wishes to propose on the length of depositions. Depositions shall be limited to 7 hours.

(3). Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules. The parties agree to

9

twenty-five interrogatories.   See 7. h. (2)., above, regarding deposition

limitations.

(4).  Limitations which any party proposes on number of requests for production

of documents and/or requests for admissions.  The parties agree to twenty-five

requests for production and twenty-five requests for admissions.

i.      **Other Planning or Discovery Orders:**

None.

## 8. OTHER SCHEDULING ISSUES

a.      A statement of those discovery or scheduling issues, if any, on which counsel,

after a good faith effort, were unable to reach an agreement.

None at this time.

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate that the length of trial will be 4 days.  The parties anticipate that the

trial will be to a jury.

## 9. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of *good cause*.

DATED this   7   day of _____June_____ , 20 13

BY THE COURT:

_____

Richard P. Matsch, Senior District Judge

10